# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES P. ELLIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> DR. SNOW, et al., <br><br> Defendants. | Case No. 1:18-cv-01406-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff Charles P. Ellis, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 9, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 9.) Plaintiff's first amended complaint, filed on February 6, 2019, is currently before the Court for screening. (ECF No. 10.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events in the complaint are alleged to have occurred while Plaintiff was a pre-trial detainee in the Kern County Jail. Plaintiff names Dr. Andrea Snow of Kern Medical Center as the sole defendant.

Plaintiff alleges that on October 24, 2016, Plaintiff was transported to the Kern Medical Center Hospital for a broken arm. He was treated in the emergency room and received x-rays that showed an old fracture of his left ulna. He was given an arm sling, pain pills and an appointment to see Defendant Dr. Snow.

On November 2, 2016, Plaintiff saw Defendant Dr. Snow. She placed a cast on his arm and gave him a follow-up appointment.

On December 13, 2016, Plaintiff again saw Defendant Dr. Snow. His cast was removed, and new x-rays were taken, which showed no healing. After reviewing the x-rays, Defendant Dr. Snow elected to perform surgery. She reportedly administered tests and explained to Plaintiff that his arm had no signs of healing, requiring a bone graft and surgery. Plaintiff agreed and signed consent forms.

On December 27, 2016, Plaintiff again was transported to Kern Medical Center for another visit with Defendant Dr. Snow. At this visit, Defendant Dr. Snow told Plaintiff that surgery had been approved and she explained all risk factors. Plaintiff agreed to proceed with the operation.

On January 4, 2017, Plaintiff was transported to Kern Medical Center for pre-admission tests. He was notified that surgery would take place on January 6, 2017.

On January 6, 2017, Plaintiff was transported to Kern Medical Center for his surgery. Defendant Dr. Snow then informed Plaintiff that no surgery would take place and she wanted to try a bone stimulator as a non-surgical method to heal the non-union in his left ulna. Plaintiff protested and stated his desire for surgery. Defendant Dr. Snow denied the surgery. She also informed Plaintiff that a bone stimulator would be sent to the jail in 7 to 10 days and nursing staff would administer treatments.

Plaintiff returned to the jail. After two weeks, Plaintiff's medications expired, so he approached the nursing staff at the jail for refill. He also inquired about the bone stimulator and was told that nothing had arrived from Kern Medical Center.

On January 18, 2017, Plaintiff was transported to Kern Medical Center to see Defendant Dr. Snow. Plaintiff asked what happened to the bone stimulator, but Defendant Dr. Snow did not know what the hold up was and that it should be coming soon. Plaintiff returned to the jail.

Plaintiff alleges that the nursing staff notified Defendant Dr. Snow on January 30, 2017, that he had not received the bone stimulator, but she did not proceed with expedited surgery. Plaintiff alleges that with each visit to Defendant Dr. Snow, he expressed his desire for surgery and relayed his pain and difficulties with navigating, sleeping and showering.

The bone stimulator arrived at the facility in April 2017. Dr. Klang, from the jail, said that too much calcium had built up around the bone for the stimulator to be effective. Dr. Klang discontinued the order for the bone stimulator.

On May 5, 2017, Plaintiff received surgery on his arm. He now has screws and metal plates. Plaintiff alleges that the surgery was performed by a different doctor, who felt that the bone stimulator was not sufficient to heal Plaintiff's fracture at any point.

Plaintiff further alleges that Defendant Dr. Snow was deliberately indifferent to his pain,

failing to proceed with expedited surgery and failing to allow for automatic refills of his pain medication.

Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

A pretrial detainee's constitutional rights are addressed under the due process clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishments. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. (citations and internal quotations omitted).

At the pleading stage, Plaintiff's complaint fails to state a cognizable claim arising out of his medical care by Defendant Dr. Snow.  There are no allegations suggesting that Defendant Dr. Snow made an intentional decision that put Plaintiff at substantial risk of suffering harm. According to the complaint, Plaintiff received an x-ray, sling and pain medications.  He also received numerous follow-up appointments with Defendant Dr. Snow, who attempted non-surgical interventions, including the passage of time and a bone stimulator, to heal Plaintiff's ulna. Plaintiff's complaint does not include any allegations demonstrating that Defendant Dr. Snow was in any way responsible for the delay in his receipt of the bone stimulator or that her chosen course of treatment was unreasonable.  Plaintiff's conclusory statements are not sufficient to demonstrate that Defendant Dr. Snow violated his rights or was deliberately indifferent to his condition.  That

Plaintiff disagreed with Defendant Dr. Snow's treatment decisions does not state a cognizable claim, and Plaintiff ultimately received surgery that addressed his condition.

**IV.     Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2019**              /s/ Barbara A. McAuliffe            
                                         UNITED STATES MAGISTRATE JUDGE